# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ANGELA DAWN SULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV415-138 |
| | ) |
| TROY EDENFIELD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, plaintiff Angela Dawn Ray Sullins has filed this case as a companion to her husband's suit against five local law enforcement officials and the Garden City Police Department, *Billy Ray Sullins v. Garden City Police Dep't*, CV415-101.[1] Doc. 1 (Complaint). Finding her indigent, the Court **GRANTS** her motion to proceed *in forma pauperis*. Doc. 2.

Angela's pleadings parallel Billy's claim that Garden City police officers barged into their home without a warrant. In contrast to Billy, she not only identifies the officers but states specifically what each did to

---

[1] Their cases are before two different district judges. Consolidating these cases before one judge may be appropriate.

violate her Fourth Amendment rights: All five officers "broke into [her] home on 11/11/2013 . . . without a warrant," doc. 1 at 3, and Officer "Mallory did an illegal search and seizure with no warrant and was not at all given my permission." *Id.* at 4. Under the liberal pleading standards accorded to *pro* se plaintiffs, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), these allegations state a claim for relief under 42 U.S.C. § 1983, which affords a remedy to those who have been deprived of their Fourth Amendment rights by a person acting under color of state law. *See Payton v. New York*, 445 U.S. 573, 586 (1980) ("It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable."). Thus, Angela's claims against the five named police officers survives initial screening under 28 U.S.C. § 1915(e).

Angela cannot proceed against the "Garden City Police Department," however, for it is not a legally independent entity subject to suit in its own name. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriffs departments and police departments are not usually considered legal entities subject to suit. . . ."); *Lovelace v. DeKalb Cent. Probation*, 144 F. App'x 793, 795 (11th Cir. 2005) (a Georgia police

department is not a legal entity subject to suit under § 1983); *Washington v. Chatham County Police Dep't*, 2015 WL 1951805 (S.D. Ga. Apr. 28, 2015); *Smalls v. State Bd. of Pardons and Paroles*, 2014 WL 2003291 *1 n. 3 (S.D. Ga. May 15, 2014). The police department, therefore, must be dismissed as a defendant in this action.

Nor is Sullins entitled to proceed on her claim that Officer Tanisha Mallory "lied" in a police "incident report." Doc. 1 at 4. It is well settled that the mere "filing of a false police report is not itself a constitutional violation." *Jarrett v. Township of Bensalem*, 312 F. App'x 505, 507 (3d Cir. 2009) (internal quotes and citation omitted); *Landrigan v. City of Warlick*, 628 F.2d 736, 744-45 (1st Cir. 1980) ("we do not see how the existence of a false police report, sitting in a drawer in a police station, by itself deprives a person of a right secured by the Constitution"); *Shock v. Tester*, 405 F.2d 852, 855 (8th Cir. 1969); *A. J. ex rel. Dixon v. Tanksley*, \_\_F. Supp. 3d \_\_, 2015 WL 901390 (E.D. Mo. Mar. 3, 2015) (collecting cases); *Edwards v. Zeese*, 2013 WL 1833271 (M.D. Ga. May 1, 2013). Sullins has not alleged that any false information in the police report led to her arrest, wrongful prosecution, or any other adverse consequences. *Landrigan*, 628 F.2d at 745 (a § 1983 action only lies "when the alleged

falsified report leads to an unconstitutional deprivation of life, liberty, or property"). Because Sullins has failed to allege any facts showing that the false incident report deprived her of a federal right, she may not proceed under § 1983 on this theory.[2]

As plaintiff has been authorized to proceed IFP, she is entitled to have the United States Marshal implement service of process upon the individual police officers named as defendants in her complaint. Fed. R. Civ. P. 4(c) (3). The Court will ask the Marshal to make a reasonable effort to locate and serve the individual defendants (even though plaintiff has failed to supply the complete names of three defendants) Doc. 1 at 3.

Accordingly, the Court should dismiss plaintiff's claim against the Garden City Police Department and her claim against Officer Tanisha Mallory for filing a false police report. Meanwhile, plaintiff's suit against the five individual police officers for allegedly making a warrantless

---

[2] She also endeavors to raise claims on Billy's behalf. *Id.* at 4 (*e.g.*, "they choked my husband while they was still tazzing [sic] him"). But she lacks standing to do so. She does not claim, for example, that he is incompetent and that she has guardianship or qualifies for "next best friend" status. *See Harris v. Buckhorn*, 545 F. App'x 862, 864 (11th Cir. 2013) (*pro se* pretrial detainee lacked standing to bring § 1983 action as next friend on behalf of his father because detainee's sister, not detainee, was most logical next friend). Indeed, as noted above, Billy has filed his own case.

4

intrusion into her home states a claim for relief and, therefore, has been allowed to proceed.

**SO REPORTED AND RECOMMENDED** this 29Th day of July, 2015.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA